**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **BITMAIN TECHNOLOGIES GEORGIA LIMITED,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 1:25-cv-01229-STA-jay** |
| **NEXA NOVA LLC formerly known as NORTH CAMPBELL LANDCO LLC, and TN WALL STREET, LLC,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER ON JURISDICTIONAL INFORMATION**

Before the Court is Defendant Nexa Nova LLC's Motion to Transfer for Forum Non Conveniens (ECF No. 7) filed on October 3, 2025. Plaintiff Bitmain Technologies Georgia Limited has responded in opposition. Plaintiff initiated this action by filing a Verified Complaint (ECF No. 1-1) in the Chancery Court for Henry County, Tennessee on August 27, 2025. The Verified Complaint alleged that Defendant Nexa Nova was in possession of more than $8.7 million worth of Plaintiff's computer hardware. Plaintiff sought a writ of possession from the state court to take back its property. The state court issued the writ of possession and gave Defendant 30 days to respond. At that time Plaintiff posted a bond representing the value of the property.

Defendant responded by removing the action to this Court on September 26, 2025, and invoking the Court's subject-matter jurisdiction under 28 U.S.C. § 1332. The Verified Complaint alleges that Plaintiff is a Georgia corporation with its principal place of business in

Roswell, Georgia.  According to the pleading,  Defendant Nexa Nova LLC is a Delaware limited liability company with its registered office in Dover, Delaware, and Defendant TN Wall Street, LLC is a Delaware limited liability company with its registered office in Dover, Delaware, and its principal place of business in Knoxville, Tennessee.  According to Nexa Nova's Notice of Removal (ECF No. 1), the sole member of the company is NexGen MGT Inc., a Delaware corporation with its principal place of business in Delaware.  Notice of Removal ¶ 3 (ECF No. 1).  Nexa Nova alleges on information and belief that no member of TN Wall Street is a citizen of Georgia or Tennessee.  *Id.* ¶ 4.  Based on the parties' diversity of citizenship and the amount in controversy, Nexa Nova alleges that this Court has subject-matter jurisdiction over the parties' dispute.

The Sixth Circuit has held that "federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*." *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted). Defendant Nexa Nova has invoked the Court's subject-matter jurisdiction in this case pursuant to 28 U.S.C. § 1332. While Defendant has alleged that its only member is a Delaware corporation, Nexa Nova did not file a corporate disclosure statement upon removal. Fed. R. Civ. P. 7.1(a)(2)(A) (requiring a party in a case where the federal court exercises diversity jurisdiction to disclose the name and citizenship of "every entity whose citizenship is attributed to that party" upon removal). As the Court of Appeals recently noted, Rule 7.1's corporate disclosure requirement exists to "facilitate an early and accurate determination of jurisdiction," which in turn "protect[s] against the waste that may occur upon belated discovery of a diversity-destroying citizenship." *US Framing Int'l LLC v. Continental Building Co.*, 134 F.4th 423, 428 (6th Cir. 2025) (quoting Fed. R. Civ. P. 7.1, advisory committee's note to 2022 amendment).

Even if Nexa Nova had filed its corporate disclosure statement, the Court has no information to substantiate the citizenship of Defendant TN Wall Street.  TN Wall Street has yet to appear at all.  In fact, it is not clear to the Court whether Plaintiff has served TN Wall Street or when the company's responsive pleading would be due. *See* Fed. R. Civ. P. 81 (requiring a "defendant who did not answer before removal" to "answer or present other defenses or objections" within certain times based in part on when the defendant was served). The Verified Complaint alleges that TN Wall Street is a Delaware limited liability company with its principal place of business in Tennessee.  The Sixth Circuit has concluded that these kinds of jurisdictional allegations regarding the citizenship of an LLC are "deficient." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004–1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC).

"A federal court may not exercise diversity jurisdiction unless the parties are completely diverse." *US Framing*, 134 F.4th at 428 (citing *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022)).  And where a party in a diversity case is a limited liability company, "the court needs to know the citizenship of each member of the company." *Id*. (citing *Delay*, 585 F.3d at 1005). Otherwise, the Court cannot verify its subject-matter jurisdiction. *Id.* ("Just one non-diverse member or sub-member can destroy diversity jurisdiction.").

The Court finds good cause to satisfy itself that it has subject-matter jurisdiction over this action before it reaches the merits of Nexa Nova's dispositive motion.  To aid in its jurisdictional determination, the Court orders the parties as follows. Plaintiff is directed to file proof of service

3

on Defendant TN Wall Street in accordance with Federal Rule of Civil Procedure 4(l) and/or a status report on its efforts to complete service. Defendant Nexa Nova is directed to file its Rule 7.1 corporate disclosure statement along with any information it may have about the membership of Defendant TN Wall Street.  Each party's filings are due within 7 days of the entry of this order.  Once the parties have complied and Defendant TN Wall Street has been brought into the case and filed its corporate disclosure statement, the Court can decide whether it has subject-matter jurisdiction to proceed.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 10, 2025